UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GRANT A. DAVIS, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. 4:08-cv-02704 |
| | § | |
| AMPCO SYSTEM PARKING and | § | |
| ERNIE KOVACH, | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND ORDER

Before the Court are Defendants' Motion to Dismiss (Doc. No. 4) and Motion to Reurge Motion to Dismiss (Doc. No. 19). After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that both Defendants' Motions should be denied.

### I.      BACKGROUND

Plaintiff Grant Davis was hired by Defendant AMPCO Parking System on June 15, 1998 as a valet driver. (Doc. No. 4, Ex. 1.) Plaintiff filed two EEOC claims during his employment at AMPCO. The first, filed on June 13, 2007, alleged that he had been transferred and forced to accept a reduction in pay on the basis of his race ("the First Claim").[1] (*Id.*) On January 14, 2008, the EEOC issued a Right to Sue Letter for Plaintiff's first claim. (*Id.* at Ex. 2.) Plaintiff filed his second EEOC claim on March 3, 2008 ("the Second Claim"), alleging that Defendant was retaliating against him for filing the First Claim. (*Id.* at Ex. 3.) Plaintiff filed the instant lawsuit on June 9, 2008, in the 164th Judicial District of Harris County Texas, before he received a Right to Sue Letter

---

[1] Plaintiff identifies as African American.

for the Second Claim.  Shortly thereafter, Defendants removed the case to this Court and filed a Motion to Dismiss.

Instead of responding to Defendants' Motion to Dismiss, Plaintiff filed a Motion to Remand (Doc. No. 9), which was later denied.  Defendants then filed their Motion to Reurge Motion to Dismiss.  On January 30, 2009, Plaintiff received a Right to Sue Letter from the EEOC with respect to his second claim.  (Doc. No. 28, Ex. A1.)

## II.   ANALYSIS

### A. Plaintiff's Second EEOC Claim

The only issue that remains is whether the Second Claim is ripe for adjudication. [2] Defendants assert that, since Plaintiff has not received a Right to Sue letter from the EEOC, the Second Claim should be dismissed for failure to exhaust administrative remedies.   Since Defendants filed their Motion to Dismiss, and their Motion to Reurge Motion to Dismiss, Plaintiff has received a Right to Sue letter with respect to the Second Claim.  The receipt of a Right to Sue letter is a condition precedent to filing a Title VII claim rather than a jurisdictional prerequisite.  *Pinkard v. Pullman-Standard*, 678 F.2d 1211, 1215 (5th Cir. 1982).  The Fifth Circuit has previously held that when a plaintiff receives a Right to Sue letter prior to the dismissal of his Title VII claim, his failure to satisfy the condition precedent is cured, and the claim should not be dismissed.  *Id.*; *see also James v. Texas Dept. of Human Services*, 818 F.Supp. 987, 990 (N.D.Tex. 1993)

---

[2] Defendants originally moved to dismiss on two other grounds.  First, they argued that Plaintiff's claims against Defendant Kovach should be dismissed because his Texas Labor Code claims were not actionable against individual defendants.  Plaintiff has since voluntarily dismissed his claims against Defendant Kovach. (Doc. No. 26.)  Second, Defendants argued that Plaintiff's state law causes of action related to the First Claim were time barred.  Plaintiff amended his Complaint and did not re-plead his state law claims; Defendants have therefore acknowledged that this argument is moot.  (Doc. No. 27.)

(abrogated on other grounds). As such, Defendants' Motion to Dismiss and Motion to Reurge should be denied.

### III.    CONCLUSION

For the reasons explained above, Defendants' Motion to Dismiss and Motion to Reurge Motion to Dismiss are hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the _____ day of February, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**